## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**JOHN HALE, #24720**                                               **PLAINTIFF**

**VERSUS**                                 **CIVIL ACTION NO. 3:15cv170CWR-FKB**

**ROLANDO ABANGAN, ET AL.**                                       **DEFENDANTS**

### DEFENDANT CENTURION OF MISSISSIPPI, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendant Centurion of Mississippi, LLC ("Centurion"), through counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), submits this memorandum of law in support of its Motion to Dismiss.  Defendant is entitled to dismissal of Plaintiff's Complaint in its entirety with prejudice because it is clear from the face of the allegations that Defendant did not act with deliberate indifference to the Plaintiff's medical needs and therefore did not violate the Plaintiff's constitutional rights.

### Procedural History and Factual Allegations

On November 18, 2015, John Hale ("Hale"), a *pro se* litigant currently incarcerated at East Mississippi Correctional Facility ("EMCF") for three counts of delivery of a controlled substance, filed an Amended Complaint pursuant to 42 U.S.C. § 1983 and Americans with Disabilities Act ("ADA") against Defendant.[1] Doc. 62.

---

[1]     This is at least the eighth lawsuit Hale has filed as a prisoner. *See Hale v. Harrison Cty. Bd. of Sup'rs,* No. 1:14CV61-LG-JCG, 2015 WL 778801, at *4 (S.D. Miss. Feb. 24, 2015) appeal dismissed, 623 F. App'x 274 (5th Cir. 2015). The allegations asserted in this suit mirror allegations in Hale's prior suits. *See, e.g., id.* ("As he has in six previous suits, Hale claims that jail medical providers have responded to his serious medical needs with deliberate indifference."). Magistrate Judge Gargiulo noted in a recent suit filed by Hale, that Hale is fixated on obtaining the drug Ultram, one of the same drugs Hale seeks access to in this suit. *Id.*  Judge Gargiulo found this troubling, providing, "Hale's request for Ultram is more than suspect in light of Hale's documented history of substance abuse and past convictions for drug crimes. Hale's medical records from HCADC indicate that he has a "substance abuse disorder." *Id.* at *5.

1

In his Amended Complaint, Hale alleges that, while incarcerated at EMCF, Centurion engaged in a "custom and practice" of denying adequate health care and refusing requests for accommodations under the ADA. *Id.* at 17, ¶ 40.  Beyond these conclusory allegations, Plaintiff makes no factual averments regarding Centurion.[2]

<u>Argument</u>

### 1.  Legal Standard – Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level*…" Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also PSKS, Inc. v. Leegin Creative Leathers Prods., Inc.*, 615 F. 3d 412, 417 (5th Cir. 2010).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 663.

Here, even if the Court accepts as true the Plaintiff's factual allegations, to the extent there are any, it is clear that the Plaintiff has not stated a claim for relief against Defendant and therefore dismissal is warranted.

---

[2]     Motions to dismiss by Centurion employees Defendants Dr. Nagel and Nurse Dunn are being filed concurrently with Centurion's Motion to Dismiss. Plaintiff has failed to allege any facts that would support a claim against either Dr. Nagel or Nurse Dunn, and to the extent Plaintiff's complaint could be read to assert the same factual allegation against Centurion as are asserted against Dr. Nagel and Nurse Dunn, Plaintiff's claims against Centurion should be dismissed for the same reasons provided in Dr. Nagel's and Nurse Dunn's Motions to Dismiss. Accordingly, Centurion adopts and hereby incorporates Defendants Dr. Nagle's and Nurse Dunn's Motions to Dismiss.
        More importantly, "It is well-settled that '[t]here is no vicarious or respondeat superior liability of supervisors under § 1983.'" *Kelley v. Edwards*, 2015 WL 8781273, at *2 (S.D. Miss. Dec. 14, 2015) (quoting *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 (5th Cir. 2006)). Consequently, to the extent Plaintiff's Amended Complaint could be read to assert respondeat superior or vicarious liable against Centurion, Centurion is entitled to judgment as a matter of law. *See White v. Wexford Health Sources, Inc.*, 2013 WL 962365, at *5 (D.S. Miss. Feb. 11, 2013).

**2. Plaintiff's Complaint fails to state a claim that Centurion acted with deliberate indifference and violated his constitutional rights.**

To assert a viable claim of inadequate medical treatment against Centurion, Plaintiff must allege that Centurion acted with deliberate indifference to the treatment of his medical condition. Eighth Amendment rights are not violated unless a prison official acts with deliberate indifference to his serious medical needs. *Domino v. Texas Dept. of Criminal Justice*, 239 F. 3d 752, 754 (5th Cir. 2001). The test for deliberate indifference is "one of subjective recklessness as used in the criminal law." *Tynes v. Byrd*, 2008 WL 660419, *1 (N.D. Miss. March 6, 2008) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "'Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a ***prisoner's*** disagreement with his medical treatment.'" *Pacheco v. Corrections Corp. of Am.*, 2015 WL 5156771, *3 (S.D. Miss. Sept. 2, 2015) (emphasis added) (quoting *Gobert v. Caldwell*, 463 F. 3d 339, 346 (5th Cir. 2006); *see also Battle v. Jones*, 09-cv-1446, 2010 WL 545392, at *2 (W.D. La. Feb. 11, 2010) ("A plaintiff's disagreement with the medical treatment received or a complaint that the treatment received has been unsuccessful is insufficient to set forth a constitutional violation.") (citing *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir.1985)).

The Fifth Circuit has made clear that "[d]eliberate indifference exists wholly independent of an optimal standard of care." *Gobert v. Caldwell,* 463 F.3d 339, 349 (5th Cir. 2006). "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Department of Criminal Justice,* 239 F.3d 752, 756 (5th Cir.2001) (internal citations omitted). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir.1997); *see also Stewart v. Murphy,* 174 F.3d 530, 534 (5th Cir.1999). That is, Plaintiff, to survive a Rule 12 challenge to his Complaint, must "allege facts which demonstrate 'deliberate indifference to [his] serious medical

3

needs . . . which constitutes unnecessary and wanton infliction of pain'" in order to sustain his Eighth Amendment claim. *Jones v. Corrections Corp. of Am.*, 2007 WL 709012, at *1 (N.D. Miss. March 5, 2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (internal citations omitted)).

In *Jones v. Corrections Corp. of America*, the prisoner plaintiff alleged that defendant doctors denied him proper medical treatment by incorrectly diagnosing his condition. 2007 WL 709012, at *1. Despite the incorrect diagnose, the court found there was "no indication that the Defendant doctors failed to act or take Plaintiff's claim seriously." *Id.* at *2. Instead, the allegations in the complaint demonstrated that the doctors "exercised professional medical judgment even though possibly erroneous." *Id.* The court found that, at best, the plaintiff had stated a claim for negligent medical care, which did not rise to the level required to state a cognizable claim of "deliberate indifference" as required by § 1983. *Id.* (citing *Domino*, 239 F.3d at 756 (The "failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.")); *see also Johnson v. Anderson*, 255 Fed. Appx. 851, 853-54 (5th Cir. 2007) (affirming a district court's dismissal of a pro se prisoner's complaint for failure to state a claim under the Eighth Amendment because the allegations of the complaint failed to rise to the level of demonstrating deliberate indifference when the prison officials responded reasonably even though the prisoner preferred a different response).

Here, Plaintiff's Complaint should be dismissed for the same reasons. The Plaintiff's factual allegations, even if accepted as true, do not rise to the level of deliberate indifference by Centurion. Indeed, Plaintiff's allegations regarding Centurion fail to assert a single fact tending to show that Centurion engaged in any practice or custom of denying Plaintiff reasonable healthcare, much less that Centurion acted with deliberate indifference to Plaintiff's serious

4

medical needs. Plaintiff's disagreement or dissatisfaction with his medical care does not constitute

deliberate indifference. *See, e.g.*, *Pacheco*, 2015 WL 5156771, *3 ("a prisoner's disagreement with

his medical treatment" fails to meet the deliberate-indifference standard).  Moreover, Plaintiff's

conclusory allegations are insufficient to survive a motion to dismiss as a matter of law. *See*

*Twombly*, 550 U.S. at 555.

### 3. Plaintiff's Complaint fails to state a claim that Centurion violated the Americans with Disabilities Act.

Plaintiff's claims under the ADA should likewise be dismissed with prejudice. A plaintiff

states a claim for relief under Title II of the ADA "if he alleges: (1) that he has a qualifying

disability; (2) that he is being denied the benefits of services, programs, or activities for which the

public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that

such discrimination is by reason of his disability." *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011).

"[T]he ADA define[s] 'disability' to mean (A) a physical or mental impairment that substantially

limits one or more of the major life activities of such individual; (B) a record of such an

impairment; or (C)  being regarded as having such an impairment." *Id.* at 499-500; 42 U.S.C.A. §

12102(1)(A)-(C).

In *Hale v. King*, John Hale alleged that due to his suffering hepatitis C, post-traumatic

stress disorder and chronic back pain (the same alleged aliments as in the current matter), he was

denied various accommodations in violation of Title II of the ADA while he was incarcerated in

Mississippi. *Id.* at 499. The Fifth Circuit Court of Appeals held that Hale could not establish a

claim under the ADA. *Id.* at 500. There, Hale claimed that his medical "conditions require that he

receive certain prescriptions and treatments that the various defendants named in the complaint

were not providing." *Id.* However, Hale failed to provide any records "regarding the impact of Hale's ailments on his ability to perform major life activities."[3] *Id.*

Here, as in *Hale v. King*, Hale has provided no record of any impact to any major life activity. Instead, Hale merely asserts that because he disagrees with the medical treatment provided at EMCF that he has been denied an accommodation under the ADA. *Cf. id* at 501. As the Court of Appeals provided, "[m]erely having an impairment . . . does not make one disabled for purposes of the ADA. Absent allegations that Hale's ailments substantially limited him in the performance of a major life activity, Hale has failed to state a claim for relief under . . . the ADA's definition of disability." *Id.*

The same applies here with equal force. Hale has failed to allege any facts from which the Court could reasonably infer that Hale's medical conditions have substantially limited a major life activity, or that he otherwise qualifies as being disabled under the ADA. Plaintiff's allegations are conclusory and cannot survive a motion to dismiss as a matter of law. *See Twombly*, 550 U.S. at 555. Accordingly, Hale's current claims against Centurion should be dismissed with prejudice.[4]

## Conclusion

For these reasons, the Plaintiff cannot state a claim for relief under the Eighth Amendment's extremely high deliberate-indifference standard, or under the Americans with Disabilities Act. Consequently, Defendant is entitled to dismissal of Plaintiff's claims against it with prejudice.

---

[3]      Major life activities include "[s]uch activities [as] caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *Hale v. King*, 642 F.3d 492, 500 (5th Cir. 2011).

[4]      The Fifth Circuit Court of Appeals did not dismiss Hale's claims in *Hale v. King*. Instead, the court remanded the matter in order to allow Hale to amend his pleadings. Given Hale's apparent familiarity with claims under the ADA and the fact that he has already been afforded an opportunity to amend his Complaint to assert claims against Defendant, further leave to amend his pleadings would be inappropriate. *See, e.g., Hay v. Thaler*, 470 F. App'x 411, 418 (5th Cir. 2012) (finding trial court did not abuse its discretion by denying motion to amend where the court had previously granted leave to allow prisoner plaintiff to amend complaint to add claims under the ADA but plaintiff failed to properly name the defendant in its official capacity).

6

Respectfully submitted, this the 21st day of March, 2016.

 _s/_ Michael L. Cowan
Michael J. Bentley (MS Bar 102631)
Erin Saltaformaggio (MS Bar 103999)
Michael L. Cowan (MS Bar 104868)

ATTORNEY FOR DEFENDANT
CENTURION OF MISSISSIPPI, LLC

OF COUNSEL

Bradley Arant Boult Cummings LLP
One Jackson Place
188 East Capitol Street, Suite 400
PO Box 1789
Jackson, MS 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 21st, 2016, I electronically filed the foregoing with the Clerk of the Court using the MEC system which will send notification of such filing to the following:

**John Hale**
24720
East Miss. Correctional Facility
10641 Highway 80 West
Meridian, MS 39307


<u>_s/_ Michael L. Cowan</u>
OF COUNSEL