IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHN ASHLEY HALE, #24720                                          PLAINTIFF

VS.                                    CIVIL ACTION NO.: 3:15-cv-170-CWR-FKB

DR. ROLAND ABANGAN, ET AL.                                      DEFENDANTS

## REPORT AND RECOMMENDATION

This cause is before the Court on the Motion to Dismiss [51] filed by Defendant

Governor Phil Bryant.  Having considered the motion, the undersigned recommends that

Defendant Bryant's motion to dismiss be granted and that all claims against him in this action be

dismissed.

### I. Background

Plaintiff John Ashley Hale is an inmate in the custody of the Mississippi Department of

Corrections ("MDOC"), who is proceeding *pro se* in this litigation, alleging violations of his

constitutional rights under 42 U.S.C. § 1983.  Plaintiff claims that he was denied adequate

medical care during his incarceration at East Mississippi Correctional Facility ("EMCF") in that

EMCF officials and medical staff have been deliberately indifferent to his medical needs and

have violated the Americans with Disabilities Act.  *See generally* [62-1].   Plaintiff further claims

that EMCF officials and medical staff have retaliated against him for his repeated requests

regarding medical care.  Plaintiff's claims against Defendant Governor Phil Bryant are stated as

follows:

> Plaintiff alleges that Governor Phil Bryant signed the laws and statutes governing
> the administration and running of the prison system in Mississippi; that he signed
> the budget and has known for years that MDOC operates in an unconstitutional

1

> manner; that he knows of the extremely dangerous conditions at EMCF; that he
> knows that my right to humane treatment is being violated daily; Defendant
> knows that the customs, practices, and policies violate the ADA and deny me and
> similarly situated inmates access to benefits of programs that other inmates
> receive.

[62-1] at 19 (edited for grammar).

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Bryant now moves to dismiss the claims against him, arguing that the Court lacks subject matter jurisdiction over those claims and that he is entitled to both sovereign and qualified immunity. *See* [51].

## II.  Standard of Review

A motion to dismiss pursuant to Rule 12(b)(1) "should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." *Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009).  When presented with such a motion, "the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus the undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts." *Id.* at 649-50 (citation omitted).  "[T]he party asserting subject matter jurisdiction bears the burden of proof." *Taylor v. Epps*, Civil Action No. 3:14-cv-352-DPJ-FKB, 2015 WL 2371532 at \*2 (S.D. Miss. May 18, 2015) (citing *Davis* at 649).

Rule 12(b)(6) provides that a party may move for dismissal based on a plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  When considering a motion to dismiss under Rule 12(b)(6), a court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co., Inc., v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004).  "To survive a Rule 12(b)(6) motion to dismiss,

the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is not plausible "if it tenders naked assertions devoid of further factual enhancement."  *Id.* (Internal quotation marks and citation omitted).

### III.  Discussion

**A. Official Capacity Claims**.

Bryant first asserts that Plaintiff's claims against him in his official capacity are barred by Eleventh Amendment sovereign immunity.

"The Eleventh Amendment 'bars suits in federal court by citizens of a state against their own state or a state agency or department.'" *Taylor*, 2015 WL 2371532 at *2 (quoting *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 146 (5th Cir. 1991)).  "An official-capacity suit for damages is essentially a suit against the state and is subject to sovereign immunity." *Taylor*, 2015 WL 2371532 at *2 (citing *Marquez v. Woody*, 440 F. App'x 318, 224 n.9 (5t h Cir. 2011) (per curiam).  Although states may waive their right to sovereign immunity, Mississippi has not done so.  *See Sherwinski v. Peterson*, 98 F.3d 849, 852 (5th Cir. 1996); *see also* Miss. Code Ann. § 11-46-5(4).

Plaintiff's claims against Bryant in his official capacity are, effectively, a suit against the State of Mississippi.  Although the Mississippi Tort Claims Act "offer[s] limited waivers from sovereign immunity . . . it expressly preserves Mississippi's right to invoke Eleventh Amendment sovereign immunity," which Bryant does here.  *Taylor*, 2015 WL 2371532 at *3 (citation omitted).

3

Accordingly, the undersigned recommends that Plaintiff's claims against Bryant in his official capacity be dismissed without prejudice.

### B. Individual Capacity Claims

Bryant next argues that any claims against him in his individual capacity should be dismissed based on the doctrine of qualified immunity. Specifically, Bryant contends that Plaintiff has failed to allege the violation of clearly established law.

"Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Reichle v. Howards*, — U.S. —, —, 132 S.Ct. 2088, 2093, 182 L.Ed.2d 985 (2012). To assess a claim of qualified immunity, the Court must first determine whether the plaintiff has alleged the violation of a clearly established constitutional right. *Freeman v. Gore*, 483 F.3d 404, 411 (5th Cir. 2007). If he has, then the Court must determine whether the defendant's actions were objectively unreasonable in light of clearly established law. *Id.* "It is well-settled that §1983 liability cannot be based solely on vicarious liability or respondeat superior." *Auster Oil & Gas, Inc. v. Stream*, 835 F. 2d 597, 601 (5th Cir. 1988) (citations omitted). Because vicarious liability does not apply to § 1983 actions, "a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution." *Ashcroft*, 556 U.S. at 663.

Plaintiff, like all prisoners, certainly has a constitutional right to adequate medical care, guaranteed by the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, ____, 114 S. Ct. 1970, 1976 (1994). Plaintiff alleges that Bryant signed the laws and statutes governing Mississippi's prison system, that Bryant has knowledge of the conditions at EMCF and that Plaintiff's rights are being violated, and that Bryant has knowledge that the prison system's policies and practices violate

4

the ADA. [62-1] at 19.  Plaintiff's conclusory allegations, however, fail to allege that Bryant violated, through his own actions, Plaintiff's right to adequate medical care.

Officials who supervise prisons may also be held liable in § 1983 actions if they "implement unconstitutional policies that causally result in plaintiff's injury."  *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924 (5th Cir. 1992).  Even under this theory, however, Plaintiff does not allege that Bryant implemented the prison's policies and practices that violate his rights, but rather, that Bryant merely had knowledge of those policies and practices.

Plaintiff has failed to allege that Bryant violated his constitutional rights.  Accordingly, the undersigned recommends that any claims against Bryant in his individual capacity be dismissed with prejudice under the doctrine of qualified immunity.

## IV.  Conclusion

For the reasons stated herein, the undersigned recommends that the Motion to Dismiss [51] filed by Defendant Governor Phil Bryant be granted.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 26th day of August, 2016.

 /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE