IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHN ASHLEY HALE, #24720                                              PLAINTIFF

VS.                                        CIVIL ACTION NO.: 3:15-cv-170-CWR-FKB

DR. ROLAND ABANGAN, ET AL.                                          DEFENDANTS

## REPORT AND RECOMMENDATION

This cause is before the Court on three motions  – Defendant Centurion of Mississippi,

LLC's ("Centurion") Motion to Dismiss [99]; Defendant Evelyn M. Dunn's Motion to Dismiss

[101]; and Defendant Kim Nagel's Motion to Dismiss [103].  Having considered the motions,

Plaintiff's response, and the rebuttals, the undersigned recommends that the motions be denied.

### I. Background

Plaintiff John Ashley Hale is an inmate in the custody of the Mississippi Department of

Corrections ("MDOC"), who is proceeding *pro se* in this litigation, alleging violations of his

constitutional rights under 42 U.S.C. § 1983.  Plaintiff claims that he was denied adequate

medical care during his incarceration at East Mississippi Correctional Facility ("EMCF") in that

EMCF officials and medical staff have been deliberately indifferent to his medical needs and

have violated the Americans with Disabilities Act ("ADA").  *See generally* [62-1].   Specifically,

the Court noted after the omnibus hearing that "Plaintiff alleges that the medical care and food

services provided at EMCF are inadequate and fail to accommodate his disability needs." [127]

at 1.

Defendants Centurion, Evelyn M. Dunn, and Dr. Kim Nagel (collectively, the "Centurion

Defendants") now move to dismiss the claims against them, arguing that Plaintiff has failed to

1

state a claim against them.

## II.  Standard of Review

When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, a court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co., Inc., v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Because Plaintiff is proceeding *pro se* in this litigation, his pleadings must be construed liberally. *Pena v. United States of America*, 122 F.3d 3, 4 (5th Cir. 1997).

## III.  Discussion

Plaintiff's lawsuit levies claims against a number of individuals and entities associated with, employed by, or who provide services at EMCF.  Among those, Plaintiff alleges that Nurse Evelyn Dunn denied and Dr. Kim Nagel refused to consider his requests for alternative medication for his Hepatitis C in violation, according to Plaintiff, of the ADA. [62-1] at 16-18.  Plaintiff further alleges that Centurion's customs and practices and Dunn's and Nagel's actions violated his constitutional rights to adequate medical care. *Id.* at 18-19.

2

The Centurion Defendants now move, through three separate motions, to dismiss the claims against them. Each motion argues that Plaintiff's ADA claims against them should be dismissed because Plaintiff has failed to allege any facts that would show that he qualifies as "disabled" under the ADA due to his Hepatitis C. Dunn's and Nagel's motions also argue that Plaintiff's claims regarding medication are nothing more than mere dissatisfaction with medical care and cannot support a claim for deliberate indifference. Centurion further contends that Plaintiff makes no factual allegations in support of his claim that Centurion's customs and practices deny him adequate health care.

**A. Plaintiff's ADA Claims**.

Title II of the ADA provides that an individual shall not be "excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity" because of a qualifying disability. 42 U.S.C. § 12132. In order to state a claim for relief under Title II, a plaintiff must allege "(1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability." *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011). "As a threshold requirement, [a plaintiff] must establish that he has a disability within the meaning of the ADA." *Hardin v. Christus Health Southeast Texas St. Elizabeth*, No. 1:10-CV-596, 2012 WL 760642, *5 (E.D. Tex. Jan. 6, 2012) (citing 42 U.S.C. § 12102(1)).

The ADA defines the term "disability" as "a physical or mental impairment that substantially limits one or more major life activities of [an] individual." 42 U.S.C. § 12102(1)(A). The ADA expressly states that the definition of disability should "be construed in favor of broad coverage of

3

individuals under this Act, to the maximum extent permitted by the terms of this Act." 42 U.S.C. § 12102(4)(A). The term "major life activities" includes activities such as caring for oneself, eating, sleeping, breathing, and working, but also was expanded by the ADA Amendments Act of 2008 to include "the operation of a major bodily function," which includes functions of the immune system and digestive, bowel, bladder, circulatory, and other functions. *Hardin*, 2012 WL 760642 at *5 (citing 42 U.S.C. § 12102(2)(B)).

The Centurion Defendants argue that Plaintiff has failed to plead that his Hepatitis C qualifies as a disability under the ADA, in that he has provided no facts regarding the impact of his ailments on his ability to perform major life activities. The Centurion Defendants rely on previous litigation involving Plaintiff, where the Fifth Circuit Court of Appeals held that Plaintiff, who identified his ailments as chronic back pain, Hepatitis C, and post-traumatic stress disorder, "failed to allege that his conditions substantially limited him in his performance of a major life activity." *Hale*, 642 F.3d at 500. The allegations in that case, however, occurred prior to the effective date of the ADA Amendments Act of 2008, which did not apply retroactively. *Id.* at 499. The Fifth Circuit, therefore, did not consider whether Plaintiff's impairments implicated the operation of a major bodily function, which this Court must consider in the instant case.

In his amended complaint, Plaintiff alleges that Hepatitis C patients must avoid medications that cause hepatotoxicity, or liver damage. [62-1] at 16. Plaintiff states that he informed Dunn that his liver had shown mild enlargement in the past. *Id.* Plaintiff further alleges that due to his condition, the medications prescribed by Dunn and Nagel could subject him to liver and kidney pain and damage to functionality. *Id.* at 16-18. Plaintiff claims that he made a request for an accommodation for medications that would not jeopardize his liver and kidney functions, but his

4

request was denied by these defendants.  *Id.* at 17.  Plaintiff claims that the actions of Dunn and Nagel place his future liver and kidney health at an unreasonable risk of irreparable harm.  *Id.* at 18.

Construing Plaintiff's pleadings liberally and viewing the pleaded facts as true, and given the ADA's expanded definition of major life activities and its express instruction requiring broad construction, the undersigned finds that Plaintiff has stated a claim under the ADA against the Centurion Defendants.  Accordingly, the undersigned recommends that the Centurion Defendants' motions be denied as to those claims.

### B. Plaintiff's Eighth Amendment Claims

In their motions to dismiss at [101] and [103], respectively, Dunn and Nagel also argue that Plaintiff is merely dissatisfied with his medical treatment and would prefer to be prescribed different medication, which falls short of the standard of deliberate indifference.  Similarly, Centurion's motion [99] argues that Plaintiff's complaint asserts no facts supporting the allegation that Centurion engaged in a practice or custom that denied Plaintiff access to healthcare or otherwise resulted in deliberate indifference to Plaintiff's medical needs. [100] at 4.

"In the context of medical care, a prison official violates the Eighth Amendment when he acts with deliberate indifference to a prisoner's serious medical needs."  *Domino v. Texas Dept. of Criminal Justice*, 239 F. 3d 752, 754 (5th Cir. 2001).  A plaintiff is not entitled to the "best" medical treatment.  *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978).  Further, "[a] prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs."  *Id.* (citations omitted).  A "serious medical need," as defined by the Fifth Circuit, is "one for which treatment has been recommended or for which the need is so apparent that even laymen

would recognize that care is required." *Gobert*, 463 F.3d at 345 n.12.

Plaintiff alleges that Hepatitis C patients have an elevated risk for hepatotoxicity and damage to the liver and kidneys and that, due to this risk, they must avoid certain medications. [62-1] at 4. Plaintiff claims that Dunn prescribed him Tegratol despite Plaintiff's warning about his condition and that he had previously taken Tegratol but suffered side effects of liver and kidney pain. *Id.* at 16. Plaintiff states that he requested different medication in order to protect his liver and kidney function from further damage. *Id.* at 16-17. Plaintiff claims that Nagel prescribed him "remron," despite Nagel's knowledge that the medication had caused Plaintiff side effects in the past. *Id.* at 17. Plaintiff states that continuing the medications prescribed by both Dunn and Nagel places his future liver and kidney health and function at an unreasonable risk of irreparable harm. *Id.* As to Centurion, Plaintiff claims that Centurion has "a policy [custom practice] of putting monetary considerations before, above my serious medical needs." [113] at 5; *See also* [62-1] at 18-19. Plaintiff further explains that Centurion's focus on profit, rather than medical needs, led to the discontinuance of Centurion's pain management provider and has caused Plaintiff to be denied treatment and deprived of adequate medical care. [113] at 5-6, 8-9.

Construing Plaintiff's pleadings liberally and having considered the pleaded facts in the light most favorable to Plaintiff, the undersigned finds that Plaintiff has stated a claim that the Centurion Defendants acted with deliberate indifference to his medical needs. Whether Plaintiff actually has a cognizable claim of deliberate indifference is not presently before the Court and may be addressed in a motion for summary judgment, to be considered in light of the relevant evidence, including relevant medical records. Accordingly, the undersigned recommends that the Centurion Defendants' motions to dismiss be denied as to Plaintiff's Eighth Amendment claims.

### IV.  Conclusion

For the reasons stated herein, the undersigned recommends that the motions to dismiss filed by Centurion [99], Dunn [101], and Nagel [103] be denied.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 10th day of February, 2017.


       /s/ F. Keith Ball
       UNITED STATES MAGISTRATE JUDGE