IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHN ASHLEY HALE, #24720                                         PLAINTIFF

VS.                          CIVIL ACTION NO.: 3:15-cv-170-CWR-FKB

DR. ROLAND ABANGAN, ET AL.                         DEFENDANTS

## REPORT AND RECOMMENDATION

This cause is before the Court on three motions – the Motion to Dismiss for Failure to Exhaust Available Administrative Remedies [134] filed by Defendant Dr. Gurdial Sandhu; the Motion to Dismiss Based on Plaintiff's Failure to Exhaust Administrative Remedies [135] filed by Defendants Dr. Kim Nagle, Nurse Evelyn Dunn, and Centurion of Mississippi, LLC ("Centurion"); and the Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies [137] filed by Defendants Trinity Services Group, Inc. ("Trinity"), K. Chaney, C. Rutledge, O. Glass, and P. Taylor. These motions were joined by the other remaining defendants, Governor Phil Bryant, Commissioner Marshall Fisher, Archie Longley, Dr. Gloria Perry, Ollie Little, Roland Abangan, Health Assurance, LLC ("Health Assurance"), Henry Ford, and Management & Training Corporation ("MTC"). *See* [139]; [140]; [142]. Having considered the motions, Plaintiff's response [145], the replies [154 and 155], and Plaintiff's sur-reply [158], the undersigned recommends that the motions to dismiss [134 and 135] be denied and that the motion for summary judgment [137] be granted.

## I. Background

Plaintiff John Ashley Hale is an inmate in the custody of the Mississippi Department of Corrections ("MDOC"), who is proceeding *pro se* in this litigation, alleging violations of his

1

constitutional rights under 42 U.S.C. § 1983. Plaintiff claims that he was denied adequate medical care during his incarceration at East Mississippi Correctional Facility ("EMCF") in that EMCF officials, medical staff, and other providers of prison services have been deliberately indifferent to his medical needs and have violated the Americans with Disabilities Act ("ADA"). *See generally* [62-1]. Specifically, the Court noted after the omnibus hearing that "Plaintiff alleges that the medical care and food services provided at EMCF are inadequate and fail to accommodate his disability needs." [127] at 1.

The defendants now move to dismiss Plaintiff's claims against them, arguing that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit.

## II. Standard of Review

"Summary judgment is appropriate if the moving party can show that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *United States v. Renda Marine, Inc.,* 667 F.3d 651, 655 (5th Cir. 2012) (quoting Fed.R.Civ.P. 56(a)). "A factual dispute is 'genuine' where a reasonable party would return a verdict for the nonmoving party." *Chiu v. Plano Indep. Sch. Dist.,* 339 F.3d 273, 282 (5th Cir. 2003) (quoting *Lukan v. North Forest Indep. Sch. Dist.,* 183 F.3d 342, 345 (5th Cir. 1999)).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The nonmoving party must then "go beyond the pleadings" and "designate specific facts showing that there is a genuine issue for trial." *Id.* at 323 (internal quotation marks and citation omitted). When considering a summary judgment motion, a court "must review all facts

and evidence in the light most favorable to the non-moving party." *Juino v. Livingston Parish Fire Dist. No. 5,* 717 F.3d 431, 433 (5th Cir. 2013). However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003) (citing *Bridgmon v. Array Sys. Corp.,* 325 F.3d 572, 577 (5th Cir. 2003)); *Hugh Symons Group, plc v. Motorola, Inc.,* 292 F.3d 466, 468 (5th Cir. 2002)).

Because Plaintiff is proceeding *pro se* in this litigation, his pleadings must be construed liberally. *Pena v. United States of America*, 122 F.3d 3, 4 (5th Cir. 1997).

### III. Discussion

In their motions, Defendants argue that Plaintiff's failure to exhaust his administrative remedies prior to filing this lawsuit requires that the claims against them be dismissed. Under the relevant portion of 42 U.S.C.§ 1997e, as amended by the Prison Litigation Reform Act of 1995 ("PLRA"):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). In *Booth v. Churner*, 532 U.S. 731 (2001), the Supreme Court held that 42 U.S.C. § 1997e requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures. *Booth*, 532 U.S. at 734. The Supreme Court has further held that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *See Porter v. Nussle*, 534 U.S. 516 (2002); *see also Jones v. Bock*, 549 U. S. 199 (2007)

3

(reaffirming that exhaustion is mandatory; stating that it is an affirmative defense). "Failure to exhaust is an affirmative defense, such that the defendants have the burden of demonstrating that [the plaintiff] failed to exhaust administrative remedies." *Wilson v. Epps*, 776 F.3d 296, 299 (5th Cir. 2015) (citation omitted).

The Fifth Circuit takes "a strict approach" to exhaustion. *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003). Under this approach, "pre-filing exhaustion of prison grievance processes is mandatory," and "district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Further, for proper exhaustion, "[i]t is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion." *Dillon v. Brown*, 2012 WL 3114519, *2 (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)).

The Administrative Remedy Program ("ARP") employed by MDOC utilizes a two-step process, summarized by this Court in *Howard v. Epps*, Civil Action No. 5:12-cv-61-KS-MTP, 2013 WL 2367880 (S.D. Miss. May 29, 2013):

> Inmates are required to initially submit their grievances in writing to the Legal Claims Adjudicator within thirty days of the incident. If, after screening, a grievance is accepted into the ARP, the request is forwarded to the appropriate official, who will issue a First Step Response. If the inmate is unsatisfied with the response, he may continue to the Second Step by using ARP Form ARP-2 and sending it to the Legal Claims Adjudicator. A final decision will be made by the Superintendent, Warden, or Community Corrections Director. If the offender is not satisfied with the Second Step Response, he may file suit in state or federal court.

*Howard*, 2013 WL 2367880 at *2. The ARP guidelines mandate that absent an extension, "no more than 90 days shall elapse from beginning the process to ending the process." [137-2] at 9. "[E]xpiration of response time limits without receipt of a written response shall entitle the inmate to move on to the next step in the process." *Id.* The ARP's "abuse of the procedure" rule provides

that if an inmate submits additional grievances during the first-step review of a currently-pending grievance, those additional grievances are backlogged for handling "at the Director's discretion." *Id.*

**A. The Trinity Defendants**

Defendants Trinity, Chaney, Rutledge, Glass, and Taylor (collectively, the "Trinity Defendants") argue that Plaintiff failed to exhaust his administrative remedies prior to filing suit for his claims against them alleging that they have denied adequate nutritional meals. The Trinity Defendants contend that Plaintiff voluntarily dismissed his grievances related to these allegations prior to proper exhaustion and that the only grievances properly exhausted were not exhausted until after filing of the complaint.

In support of their argument, the Trinity Defendants present the affidavit of Mary Dempsey, the Administrative Remedy Program ("ARP") Coordinator and the custodian of the ARP files at EMCF. [137-2] at 1. According to Dempsey, although Plaintiff submitted eight separate grievances regarding the meals he receives at EMCF or concerning the Trinity Defendants, only four grievances progressed through the two-step process to completion. *Id.* at 3-5.

Plaintiff filed his complaint in this court on March 9, 2015. [1]. Prior to March 9, 2015, he submitted three grievances concerning his food or the kitchen staff. These three grievances were placed in backlog and subsequently withdrawn by him: A grievance dated November 24, 2014 (subsequently accepted as EMCF-15-1047), in which he complained about not receiving a high-protein meal tray, [137-2]. at 3; a grievance dated November 27, 2014 (subsequently accepted as EMCF 15-1049), in which he complained about receiving a meal tray with no turkey, *id.*; and a grievance dated December 1, 2014 (subsequently accepted as EMCF-15-1050), in which Plaintiff

5

complained that Chaney and Rutledge were retaliating against him, *id*. at 3-4. Plaintiff withdrew these three grievances on May 19, 2015.[1] *Id.*

Plaintiff argues that because he received no response to these three grievances within the ninety (90) day response time allowed by the ARP, he had exhausted his remedies as to these grievances and was free to file suit. However, according to Dempsey, the three grievances were placed in backlog because Plaintiff had more than one grievance pending at the time he submitted these grievances. *See id.* The Fifth Circuit has held that "MDOC's backlogging procedure . . . is not unconstitutional, nor does it abrogate § 1997e's exhaustion requirement." *Wilson v. Epps*, 776 F.3d 296, 301 (5th Cir. 2015). Furthermore, in *Wilson*, the Fifth Circuit went on to explain that when a grievance is not placed in backlog, but, rather, is merely met with no timely response, the prisoner must still move on to any next-available step in accordance with ARP guidelines in order to properly exhaust. Specifically, the Fifth Circuit stated as follows:

> This [exhaustion] requirement does not fall by the wayside in the event that the prison fails to respond to the prisoner's grievance at some preliminary step in the grievance process. Instead, the prison's failure to timely respond simply entitles the prisoner to move on to the next step in the process. Thus, it is only if the prison fails to respond at the *last* step of the grievance process that the prisoner becomes entitled to sue, because then there is no next step (save filing a lawsuit) to which the prisoner can advance.

*Id.*

Here, as in *Wilson*, Plaintiff's withdrawn grievances, presented to the prison through only a first-step request, cannot satisfy the exhaustion requirement. The alleged delay in response time

---

[1] In addition to these, Plaintiff submitted grievance EMCF-15-2318 on October 13, 2015, complaining about the taste and smell of milk he had received. [137-2] at 4. Plaintiff withdrew that grievance on November 25, 2015. *Id.* Plaintiff does not contend that this withdrawn grievance constitutes exhaustion as to any claim against the Trinity Defendants, and the Court notes that the grievance was filed over seven (7) months after Plaintiff's complaint was filed.

6

was pursuant to the prison's backlog procedure. Even had the prison wholly failed to respond to the grievances, rather than placing them in backlog, the prison's failure to respond within ninety days would have merely entitled Plaintiff to move to the second step. For these reasons, the undersigned concludes that Plaintiff failed to properly exhaust his administrative remedies as to the allegations contained in the withdrawn grievances.

Plaintiff also filed four grievances concerning meals and/or against the Trinity Defendants that did, in fact, progress through the two-step ARP process. On February 28, 2015, Plaintiff filed grievance EMCF-15-575, complaining about the nutritional insufficiency of a meal tray. [137-2] at 4. Plaintiff received his second-step response for grievance EMCF-15-575 on March 20, 2015. *Id.* On August 9, 2015, Plaintiff filed grievance EMCF-15-1953, complaining about not receiving high-protein meal trays. *Id.* Plaintiff received his second-step response for grievance EMCF-15-1953 on October 1, 2015. *Id.* On June 29, 2016, Plaintiff filed grievance EMCF-16-1025, complaining about not receiving sugar or juice with his meals. *Id.* Plaintiff received his second-step response for grievance EMCF-16-1025 on July 29, 2016. *Id.* at 5. Finally, on July 20, 2016, Plaintiff filed grievance EMCF-16-1154, complaining about inadequate food portions and no sugar. *Id.* Plaintiff received his second-step response for grievance EMCF-16-1154 on August 3, 2016. *Id.* Of these four grievances, however, none were fully-exhausted prior to March 9, 2015, the date Plaintiff filed his complaint in this court. It is well-settled that exhaustion of administrative remedies after a section 1983 lawsuit is underway is insufficient to satisfy the PLRA's strict requirement of pre-filing exhaustion. *See Gonzalez*, 702 F.3d at 788.

Based on the evidence before the Court, the undersigned finds that Plaintiff failed to exhaust his administrative remedies regarding the Trinity Defendants and any claims concerning his meals

7

prior to filing suit. The undersigned finds, therefore, that Plaintiff's claims concerning his meals should be dismissed. Accordingly, the undersigned recommends that the Trinity Defendants' Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies [137] be granted.

### B. Defendant Sandhu and the Centurion Defendants

Defendant Dr. Sandhu filed a motion to dismiss [134] for failure to exhaust, arguing that none of Plaintiff's grievances mention Sandhu by name or Plaintiff's transfer to EMCF, which is the basis for the claims against Sandhu. Defendants Dr. Kim Nagle, Nurse Evelyn Dunn, and Centurion (collectively, the "Centurion Defendants") also filed a motion to dismiss [135] for failure to exhaust, contending that none of Plaintiff's grievances raise any issues relevant to the claims asserted against them. In support of their respective motions, Sandhu and the Centurion Defendants submit several exhibits, including documents purporting to be Plaintiff's "ARP file." *See* [134-2]; [135-1].

Because these defendants have submitted matters outside of the pleadings, the Court will treat their motions to dismiss as Rule 56 motions for summary judgment. Fed. R. Civ. P. 12(d); *see also Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010) ("We . . . conclude that when courts rule on exhaustion on the basis of evidence beyond the pleadings, the nonmoving party should be granted the protections of Rule 56."). Parties moving for summary judgment must support their assertion that a fact is not genuinely disputed by citing materials in the record. Fed. R. Civ. P. 56(c)(1)(A). Rule 56 generally requires that motions be supported by affidavit, except in those cases where the nonmoving party bears the burden of proof such that the moving party may rely solely on the pleadings. *Salas v. Carpenter*, 980 F.2d 299, 304 (5th Cir. 1992) (citing *Celotex*, 477 U.S. at 323).

Here, Sandhu and the Centurion Defendants bear the burden of proof regarding the affirmative defense of exhaustion. Their motions, however, are not properly supported by evidence regarding the facts asserted. The Court doubts that either "ARP file" submitted by these defendants is complete, especially considering that the file submitted by Sandhu consists of 191 pages, while the file submitted by the Centurion Defendants consists of only 99 pages. *See* [134-2]; [135-1]. Moreover, neither Sandhu nor the Centurion Defendants presents affidavits certifying the "ARP files" or other attached records. Simply put, these motions are inadequate to establish that "none" of the Plaintiff's grievances mention Sandhu or the claims asserted against the Centurion Defendants. Accordingly, the undersigned recommends that the motions filed by Sandhu [134] and the Centurion Defendants [135] be denied.

## IV. Conclusion

For the reasons stated herein, the undersigned recommends that the motion for summary judgment [137] filed by the Trinity Defendants be granted to the extent that judgment be entered in favor of the Trinity Defendants and those defendants dismissed. The undersigned recommends that any claims asserted against the remaining defendants concerning the meals served to Plaintiff also be dismissed. Further, the undersigned recommends that the motions to dismiss filed by Sandhu [134] and the Centurion Defendants [135] be denied.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted

9

by the district court. 28 U.S.C. §636; *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      RESPECTFULLY SUBMITTED, this the 4th day of August, 2017.

                                      /s/ F. Keith Ball
                                      UNITED STATES MAGISTRATE JUDGE