\IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHN ASHLEY HALE                                                                             PLAINTIFF

VS.                                                          CIVIL ACTION NO. 3:15-cv-170-CWR-FKB

DR. ROLAND ABANGAN, et al.                                                          DEFENDANTS

**REPORT AND RECOMMENDATION**

John Ashley Hale is a Mississippi prisoner who since November of 2014 has been incarcerated at the East Mississippi Correctional Facility (EMCF) following convictions for drug offenses. He brought this action pursuant to 42 U.S.C. § 1983 against prison officials, health care providers at the prison, and state officials alleging inadequate medical care and retaliation for the filing of grievances and lawsuits.[1] He also asserts a claim under the Americans with Disabilities Act (ADA). Hale is proceeding *in forma pauperis*, and thus his claims are subject to the provisions of the Prison Litigation Reform Act. Presently before the Court are the following motions: The motion of Centurion Health Care, Evelynn Dunn, and Dr. Kim Nagel for summary judgment [180]; the motion of Centurion Health Care, Evelyn Dunn, and Dr. Kim Nagel for summary judgment [207] based upon failure to exhaust administrative remedies; the motion of Marshall Fisher, Archie Longley, and Dr. Gloria Perry for summary judgment [183]; the motion for summary judgment filed by Governor Phil Bryant [193]; the motion for summary judgment filed by Ollie Little and Dr. Roland Abangan [213]; the motion of Dr. Gurdial Sandhu for summary judgment [216]; and the motion for summary judgment

---

[1] Hale also asserted claims for an inadequate diet at the prison. Those claims were dismissed for failure to exhaust administrative remedies. [209].

filed by Henry Ford and Management Training Corporation [223]. Having considered the motions and the competent summary judgment evidence, the undersigned recommends that all of the motions be granted, except for the motion of Centurion Health Care, Evelyn Dunn, and Dr. Kim Nagel for summary judgment [207] based upon failure to exhaust administrative remedies, which the undersigned recommends be dismissed as moot, and that this action be dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e).

## Medical Claims

The majority of Hale's claims relate to his health care. Hale contends that Dr. Roland Abangan, his primary physician at EMCF, has refused to prescribe Ultram (tramadol), an opioid, for his chronic back pain. He also complains that Dr. Abangan has refused to order that he receive a high-protein diet, that Dr. Abangan has failed to treat him for lice or parasites, and that Dr. Abangan and others have refused to provide adequate treatment for his hepatitis C. He alleges that Dr. Kim Nagel prescribed Tegretol and Remeron for him even though they are toxic for him. He also makes the same allegation regarding Tegretol against Nurse Dunn.

The portions of Hale's medical records relevant to his claims reveal the following:[2]

*Pain Medication.* Hale's intake evaluations in October of 2014 indicate that at that time, he was noted to have the conditions of hepatitis C, degenerative disc disease,

---

[2] In support of their motion, Defendants Abangan and Ollie Little have submitted Hale's prison medical record. [213-2]. These defendants have also submitted a detailed list, with citations to the medical record, of those medical encounters relevant to each of Hale's medical claims. [219].

2

PTSD, acid reflux, depression, and anxiety. [213-2] at 270. Upon arrival at EMCF, Hale began making demands for specific medications, including Ultram. [213-2] at 305-306, 310, 347-48. At clinic visits in January of 2015, Hale told Dr. Abangan that prior to his incarceration he had been taking oxycodone and morphine for his chronic pain, and he requested that Dr. Abangan prescribe Ultram for him. [213-2] at 349, 353. Dr. Abangan informed Hale that he would not prescribe Ultram. *Id.* Thereafter, Hale made repeated demands for Ultram. Other health care providers, including Dr. Maurice McShan, a pain specialist to whom Dr. Abangan referred Hale, prescribed Ultram for Hale for limited periods of time. However, Dr. Abangan continued to refuse to prescribe Ultram, explaining to Hale that he did not prescribe Ultram at all because he believed it was addictive and was not appropriate for the treatment of chronic pain.

*Lice/parasites.* Hale claims that Dr. Abangan has refused to treat him for body lice or parasites. The records show that Hale has repeatedly complained of lice or "bugs" crawling on his body and in his eyes. He has been examined for those complaints on numerous occasions, and no evidence of lice or any sort of parasite or similar problem has ever been found.

*High-protein diet.* Another of Hale's constant demands has been that Dr. Abangan write him an order for a high-protein or "enhanced" diet. Hale claims that because he has hepatitis C, he needs such a diet to protect his liver. Dr. Abangan initially ordered an enhanced diet for Hale when he first requested it. [213-2] at 306. However, after examining and evaluating Hale, Dr. Abangan determined that Hale did not qualify for an enhanced diet, and he did not renew the order. [213-2] at 372. Hale

has continued to make requests for an enhanced diet, but Dr. Abangan has refused, explaining that there is no such thing as a special diet for hepatitis C.  *See, e.g.*, [213-2] at 657.

*Tegretol and Remeron*.  Three medical professionals at EMCF, including Defendants Nagel and Dunn, have prescribed Tegretol for Hale, and Dr. Nagel has prescribed Remeron.  Hale claims that these drugs are highly toxic to him.  There is no evidence in the medical record that these drugs are contraindicated for Hale or that he has suffered any adverse side effects from them.

*Treatment for hepatitis C.*  Hale claims that prison health care officials and others have failed to provide adequate treatment and a cure for his hepatitis C.  Hale's condition has been evaluated regularly in the chronic care clinic, and the medical records indicate no problems or complications.

In order to succeed under § 1983 for failure to provide adequate medical care, a prisoner must establish that the defendants were deliberately indifferent to his serious medical needs.  *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976).  To establish deliberate indifference, a prisoner must show that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 725, 756 (5th Cir. 2001).   Nothing in the medical record suggests that any defendant has been deliberately indifferent to a serious medical need.  It is clear that Dr. Abangan has exercised his professional judgment in refusing to

4

prescribe opioids to Hale or to order a high-protein diet. Hale's claims regarding other medications amount to nothing more than his disagreement about his conditions and how they should be treated. Dissatisfaction and disagreement with medical treatment do not give rise to a constitutional claim. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). His claims regarding lice or parasites lack any evidentiary basis.

Hale's allegations regarding treatment of his hepatitis C are that the condition has not been treated and that he has been denied a cure. As indicated above, the medical record shows that his disease has been monitored in the chronic care clinic and that he has had no problems. However, it appears that the gravamen of Hale's claim is that prison officials have wrongly denied him one of the newer drug therapies for the condition. The state's refusal to provide Hale with the very best available treatment does not amount to deliberate indifference. *See Davidson v. Texas Dep't of Crim. Justice*, 91 Fed. Appx. 963, 964-65 (5th Cir. 2004) (affirming district court's dismissal of Plaintiff's claim for failure to provide interferon therapy for hepatitis C). Moreover, nothing in the medical record indicates that Hale is even a candidate for more aggressive treatment of his condition. These claims are likewise without merit.

In short, Hale has failed to establish that any defendant was deliberately indifferent to his serious medical needs. In fact, the medical record shows his medical claims to be wholly without merit.

### Retaliation

Hale has asserted retaliation claims against two defendants, Dr. Sandhu and Henry Ford. Dr. Sandhu performed the mental health evaluation on Hale during intake.

As a result of his evaluation, Dr. Sandhu determined that the appropriate level of mental health care for Hale was Level E, based upon Hale's history of depression and anxiety. [213-2] at 276.[3]  Hale alleges that Dr. Sandhu classified him as Level E because Hale had previously named him as a defendant in a lawsuit.  In support of this claim, he states that during the interview, Dr. Sandhu mentioned the lawsuit.  Hale claims that Dr. Sandhu's classification of him as Level E resulted in his placement at EMCF, which makes him ineligible for certain programs.

Hale's claim against Henry Ford concerns Pathway to Change, a rehabilitation program begun and coordinated by Ford, a substance abuse counselor at EMCF.  Hale claims that Ford had him removed from the program in retaliation for his filing of grievances and the present lawsuit.  Hale complains that once he was removed from the program, he was reassigned to another zone and assigned to a top bunk and that he had to sleep on the floor for a month because he was unable to climb up to his bed.

In support of their motions, Dr. Sandhu and Ford have submitted affidavits.  Dr. Sandhu states in his affidavit that he classified Hale as Level E because of Hale's psychiatric history and conditions and, further, that he has no authority over where a prisoner is housed.  Ford explains in his affidavit that Hale was twice removed from the Pathways to Change program because of his violations of the program's rules, particularly his repeated use of abusive and disrespectful language toward the nursing staff.  Ford also explains in his affidavit that all participants in the program are housed in

---

[3] The meaning and implications of classification at this level of care are unclear from the record.

6

Unit 4-B.  After Hale's first removal from the program (the one of which Hale apparently complains in this lawsuit), he was assigned to a lower bunk in Unit 2-B.

To prevail on his retaliation claims, Hale "must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'"  *Bibbs v. Early*, 541 F.3d 267, 272-73 (5th Cir. 2008) (quoting *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995)).  There is nothing in the record supporting Hale's retaliation claims other than his personal belief that these defendants acted with a retaliatory motive.  This belief is clearly insufficient to survive Dr. Sandhu's and Ford's motions.

### ADA Violations

Finally, Hale  alleges that prison officials have violated his rights under the ADA because of their failure to provide adequate medical care.  Hale's allegations do not state a claim under the ADA.   A claim is not proper under the ADA if it is simply a restatement of a claim for the denial of medical care.  *Walls v. Texas Dep't Crim. Justice*, 270 Fed. Appx. 358 (5th Cir. 2008); *cf. Nottingham v. Richardson*, 499 Fed. Appx. 368, 377 (5th Cir. 2012) ("The ADA is not violated by 'a prison's simply failing to attend to the medical needs of its disabled prisoners.'") (quoting *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996)).  Furthermore, Hale has failed to allege facts indicating that he has a qualifying disability.

### Abuse of the Litigation Process

Many of the allegations asserted by Hale in this action have been brought by him in this court against other defendants.   In *Hale v. Harrison Cty. Bd. of Supervisors,* No.

1:03-cv-840-LG-JMR, Hale alleged that medical staff at the Harrison County Detention Center (HCDC) did not adequately treat his pain and were giving him drugs that could damage his liver. The Court concluded that Hale had failed to state a claim for deliberate indifference and dismissed his medical claims. Order at 4-6, No. 1:03cv840-LG-JMR, ECF No. 150. Hale alleged in *Hale v. Harrison Cty. Bd. of* Supervisors, No. 1:14cv61-LG-JCG, 2017 WL 1091269 (S.D. Miss. Jan. 31, 2007), *report and recommendation adopted*, 2017 WL 1073376 (S.D. Miss. Mar. 21, 2017), that his Elavil should not have been crushed because doing so could damage his liver, that he should have been prescribed a high-protein diet, that his Ultram should not have been discontinued, that prison officials discriminated against him because of his disability, and that medical professionals retaliated against him for filing grievances and lawsuits. The claims were dismissed as frivolous. 2017 WL 1073376 at *2. In *Hale v. King*, No. 2:06cv245-MTP, Hale alleged that staff at the South Mississippi Correctional Institution violated his right to adequate medical care by, *inter alia*, failing to prescribe Ultram and a high protein diet, and that they violated his rights under the ADA. The Court concluded that Hale had failed to state claims for deliberate indifference or for violations of the ADA. Order at 4-7, 2:06cv245-MTP, ECF No. 88 (medical claims); Order at 9, 2:06cv245-MTP, ECF No. 159 (ADA claims).[4]

In his report and recommendation in *Hale v. Harrison Cty. Bd. of Supervisors*, 2017 WL 1091269, the magistrate judge recounted Hale's litigation history and

---

[4] The Court initially dismissed all of Hale's claims. On appeal, the Fifth Circuit vacated a portion of the Court's opinion concerning the ADA claim and remanded to allow Plaintiff to amend his ADA allegations. *Hale v. King*, 642 F.3d 492 (5th Cir. 2011). On remand, the Court concluded that Hale's allegations as amended failed to state a claim under the ADA.

8

described him as "an abusive litigant who readily admits that he utilizes the litigation process as a means to intimidate jail staff into providing him what he wants, particularly medication." 2017 WL 1091269 at *9.[5] The undersigned agrees with the characterization of Hale as an abusive litigant. As a result of his pattern of abusive litigation, Hale has already received two strikes under 28 U.S.C. § 1915(g). Because most of Hale's claims in the present case are either frivolous or fail to state a claim, the undersigned recommends that this action be dismissed pursuant to 28 U.S.C. § 1915(e) and that the dismissal count as Hale's third strike under 28 U.S.C. § 1915(g).

## Conclusion

Hale has failed to establish any constitutional violation by any defendant. Moreover, he has failed to state a claim against many of the defendants, and many of his claims are without any factual basis. For this reason, the undersigned recommends that the motion of Centurion Health Care, Evelyn Dunn, and Dr. Kim Nagel for summary judgment [207] based upon failure to exhaust administrative remedies be dismissed as moot, that the remaining motions of Defendants be granted, and that this action be dismissed as frivolous and for failure to state a claim.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual

---

[5] Apropos of Hale's demands for Ultram, the magistrate judge pointed out elsewhere in his report and recommendation that upon his arrival at HCDC, Hale was under the influence of opioids and Xanax and was placed under observation while he underwent drug withdrawal. 2017 WL 1091269 at *1.

findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 26th day of January, 2018.

                                s/  F. Keith Ball
                                United States Magistrate Judge